APPEAL OF THE PENNSYLVANIA CO. FOR INSURANCE ON LIVES AND GRANTING ANNUITIES, EXECUTOR UNDER THE WILL OF MARY A. BRITT, DECEASED.

Docket No. 1904.    Submitted April 23, 1925.    Decided June 12, 1925.

Losses on sales of securities allowed.

George J. Edwards, Jr., Esq., for the taxpayer.
Edward C. Lake, Esq., for the Commissioner.

Before STERNHAGEN, TRAMMELL, PHILLIPS, and LOVE.

This appeal involves a deficiency in income tax for the years 1920 to 1923, inclusive, in the amount of $12,659.98. The deficiency arose from the disallowance by the Commissioner of deductions claimed by the decedent in her income-tax returns for 1920 and 1921 on account of the sale of securities. The appeal was submitted on the pleadings and oral and documentary evidence, from which the Board makes the following

### FINDINGS OF FACT.

1. Mary A. Britt was during her lifetime a resident of Rydal, Pa. She died testate on October 13, 1923, and the Pennsylvania Co. for Insurance on Lives and Granting Annuities, the appellant herein, was appointed and now is the executor of her last will and testament.

2. On October 14, 1920, the said Mary A. Britt sold and delivered to Walter B. Pollock, a dealer in investment securities at Philadelphia, Pa., the following bonds which had been acquired by her on December 31, 1919, at a cost of $39,650:

```
$5,000 Long Island Railroad debenture 5's.
$5,000 Midland Valley Railroad first 5's.
$5,000 Philadelphia Rapid Transit 5's.
$5,000 Market Street Elevated first 4's.
$10,000 Pennsylvania Public Service Co. first 5's.
$5,000 New England Power Co. first 5's.
$5,000 Syracuse Lighting Co. first 5's.
$5,000 Consumers Electric Light & Power Co. 5's.
$5,000 Pennsylvania Utilities Co. first 5's.
```

Pollock paid Mary A. Britt for these bonds and accrued interest $36,238.48, by check dated October 14, 1920, of which $35,650 represented the selling price of the bonds, which was $4,000 less than cost. Within a few hours after Pollock bought the bonds in question he sold them to F. P. Ristine & Co., brokers, of New York and Philadelphia. Later in the same day Mary A. Britt purchased through Ristine & Co. bonds of the same kind, and in the same amounts, as those which she had sold to Pollock. Some, if not all, of the bonds purchased through Ristine & Co. were the identical bonds sold by her to Pollock.

On October 19, 1920, Mary A. Britt sold on the stock exchange, through F. P. Ristine & Co., the following bonds, which had been owned by her since prior to March 1, 1913:

```
$5,000 Baltimore & Ohio Railroad Co. first 4's.
$10,000 Pennsylvania Co. 4's.
```

For these bonds and accrued interest, less brokerage charges, she received from Ristine & Co. $11,802.92, by check dated October 22, 1922, of which $11,771.25 represented the net proceeds of the bonds.

The record does not disclose either the cost or March 1, 1913, value of these bonds.

3. On October 14, 1920, the firm of Kennedy & Britt, composed of the said Mary A. Britt and Benjamin T. Britt, sold to the said Walter B. Pollock, at market price, the following bonds and stocks:

$20,000 Long Island Railroad Co. debenture 5's.
$5,000 Northern Indiana G. & E. first refunding 5's.
$5,000 New England Power Co. first 5's.
$10,000 Northern States Power Co. first 5's.
$5,000 United Fuel Gas Co. first 6's.
$5,000 Scranton Railway first refunding 5's.
$10,000 West Pennsylvania Power Co. first 5's.
$10,000 Philadelphia Rapid Transit 5's.
$10,000 Georgia. Railway & Electric refunding 5's.
$5,000 Pennsylvania Central Light & Power Co. 6's.
$5,000 Portland Railway & Light first 5's.
$10,000 American Ice Real Estate first 6's.
100 shares Steel Tube, 7 per cent preferred stock.
100 shares Panhandle Prod. & Ref. preferred.
50 shares Panhandle Prod. & Ref. common.
100 shares Beaver Board Co. preferred stock.

For these bonds, with accrued interest and shares of stock, less certain taxes, amounting to $14, Pollock paid Kennedy & Britt $99,128.24 by check dated October 14, 1920. Within a few hours Pollock sold these stocks and bonds to Ristine & Co. Later in the same day Kennedy & Britt purchased, through Ristine & Co., stocks and bonds of the same kind, and in the same amounts, as those which they had sold to Pollock.

On October 13, 1920, Kennedy & Britt sold and delivered, through Ristine & Co., $10,000, par value, Philadelphia Electric first 5 per cent bonds for $4,106.25, plus accrued interest and less brokerage, and received check of Ristine & Co. for $4,107.78 as the proceeds of such sale. The partnership purchased through Ristine & Co. bonds of the same kind, and in the same amount, as those sold.

On November 24, 1920, Kennedy & Britt sold and delivered to Pollock the following bonds:

$10,000 Brooklyn Edison Co. general mortgage 6 per cent bonds.
$5,000 Rockhill Coal & Iron Co. first mortgage 6 per cent bonds.

and received from Pollock, for the bonds and accrued interest, $12,932.50. Pollock immediately sold the bonds to Ristine & Co. Kennedy & Britt later in the same day, purchased, through Ristine & Co., bonds of the same kind, and in the same amounts, as those which they had sold to Pollock.

The stocks and bonds sold by Kennedy & Britt to Pollock and to Ristine & Co. on October 13, October 14, and November 24, 1920, were acquired by Kennedy & Britt between September 14, 1919, and

March 22, 1920, at a cost of $130,175, and they were sold at a total net price of $113,731.25, or $17,443.75 less than cost.

4. On April 7, June 6, October 11, November 2, and November 18, 1921, Kennedy & Britt sold and delivered to Pollock the following stocks and bonds:

100 shares Beaver Board Co. common.
100 shares Beaver Board Co. preferred.
$20,000 State of South Dakota Rural Credit 5 per cent bonds.
$10,000 State of Louisiana Port Commission 5 per cent bonds.
$10,000 City of Chicago, Ill., 4 per cent improvement bonds.
$10,000 Pennsylvania Railroad Co. general mortgage 5 per cent bonds.
$10,000 Georgia Railway & Electric Co. refunding and improvement 5 per cent bonds.
$10,000 Seaboard Air Line Railway Co. first and consolidated mortgage 6 per cent bonds.
$10,000 Charleston Cons. Railway G. & E. Co. consolidated mortgage 6 per cent bonds.
$10,000 Pennsylvania Ohio Power & Light first and refunding 7½ per cent bonds.
$10,000 Cleveland Terminal & Valley Railroad Co. first mortgage bonds.
100 shares Pittsburgh, Fort Wayne & Chicago Railway Co. preferred.
100 shares Steel Tube Co. of America preferred.
100 shares Beaver Board Co. preferred.
100 shares Beaver Board Co. common.
$5,000 Janney & Burrough first mortgage 6 per cent bonds.
100 shares Beaver Board Co. preferred.

For these stocks and bonds and accrued interest Pollock paid Kennedy & Britt $117,352, by checks dated April 7, June 6, October 13, and December 8, 1921, respectively. When Pollock purchased the stocks and bonds listed in this paragraph he, within a few hours subsequent to the purchases, sold them to Ristine & Co. at the same price he had paid for them. Later on the same date Kennedy & Britt purchased through Ristine & Co. stocks and bonds of the same kind, and in the same amounts, as those which they had sold to Pollock. The stocks and bonds sold to Pollock on April 7, June 6, October 11, November 2, and November 18, 1921, were acquired by Kennedy & Britt between December 30, 1919, and June 7, 1921, at a total cost of $134,318.50. The total net selling price was $115,962.50, making a difference between cost and selling price of $18,356.08.

5. The several sales of stocks and bonds herein set forth were made by Mary A. Britt and Kennedy & Britt for the express and only purpose of establishing a loss thereon and thereby reducing their net income for the years 1920 and 1921. At the close of each day, when sales were made, Mary A. Britt and Kennedy & Britt owned stocks and bonds of the same kind, and in the same amounts, as those which they had owned at the beginning of each day.

6. In computing her net income for the year 1920, Mary A. Britt deducted $6,141.25 on account of the loss alleged to have been sustained by her on the sale of bonds in that year, and the partnership of Kennedy & Britt deducted from gross income on its return for that year $16,501.25 on account of the loss alleged to have been sustained on the sale of stocks and bonds. On its return for the year 1921 the partnership deducted, as an alleged net loss on the sale of stocks and bonds in that year, $18,381. The Commissioner disallowed these deductions and determined that as to Mary A. Britt there is a deficiency in tax of $7,769.36 for the year 1920, and $5,506.80 for the year 1921, and overassessments of $513.58 and $102.60 for the years 1922 and 1923, or a net deficiency for the years 1920 to 1923, inclusive, of $12,659.98.

### DECISION.

The deficiency should be determined in accordance with the following opinion. Final determination will be settled on consent or on 10 days' notice, in accordance with Rule 50.

### OPINION.

TRAMMELL: The facts are set out above. The only question presented is whether the transfers of the securities constituted actual and *bona fide* sales. If they were such, the fact that the seller bought them back on the same day, or at any other time, is immaterial.

There is no evidence here, and it is not contended, that any contract was entered into prior to the sale whereby the purchasers agreed to hold title for the seller or to convey the securities back. The title thereto passed from the seller to the buyer.

On the evidence presented, the transactions referred to were actual and *bona fide* sales of securities. They were made before the enactment of the Revenue Act of 1921 and are not affected by the provisions of that Act prohibiting the deduction of losses on sales of securities where the same or similar securities are repurchased within thirty days.

The taxpayer is entitled to a deduction on account of the sale of securities to the extent that the selling price was less than the cost and also less than the March 1, 1913, value thereof, if they were acquired prior to that date. If the price received was in excess of cost, no actual loss was sustained.

With respect to the $5,000 Baltimore & Ohio Railroad Co. first 4's and $10,000 Pennsylvania Railroad Co. 4's, sold on October 19, 1920, neither the cost nor the March 1, 1913, value has been shown. The

Board can not, therefore, determine that a deductible loss was sustained with respect thereto.

With respect to the sales of the securities which were acquired subsequent to March 1, 1913, the Board is of the opinion that the taxpayer is entitled to a deduction based on the difference between the cost and the selling price thereof.

*George J. Edwards, Jr., Esq.*, for the taxpayer.
*Edward C. Lake, Esq.*, for the Commissioner.

