*52 OPINION.
Trammell:
The facts are set out above. The only question presented is whether the transfers of the securities constituted actual and bona fide sales. If they were such, the fact that the seller bought them back on the same day, or at any other time, is immaterial.
There is no evidence here, and it is not contended, that any contract was entered into prior to the sale whereby the purchasers agreed to hold title for the seller or to convey the securities back. The title thereto passed from the seller to the buyer.
On the evidence presented, the transactions referred to were actual and bona -fide sales of securities. They were made before the enactment of the Revenue Act of 1921 and are not affected by the provisions of that Act prohibiting the deduction of losses on sales of securities where the same or similar securities are repurchased within thirty days.
The taxpayer is entitled to a deduction on account of the sale of securities to the extent that the selling price was less than the cost and-also less than the March 1, 1913, value thereof, if they were acquired prior to that date. If the price received was in excess of cost, no actual loss was sustained.
With respect to the $5,000 Baltimore & Ohio Railroad Co. first 4’s and $10,000 Pennsylvania Railroad Co. 4’s, sold on October 19, 1920, neither the cost nor the March 1, 1913, value has been shown. The *53 Board can not, therefore, determine that a deductible loss was sustained with respect thereto.
With respect to the sales of the securities which were acquired subsequent to March 1, 1913, the Board is of the opinión that the taxpayer is entitled to a deduction based on the difference between the cost and the selling price thereof.